FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

05 APR 25 AM 11: 12

ROBERT R. DI TROLIO
CLERK, U.S. DISTRICT
W.D. OF TN, MEMPHIS

| | |
|---|---|
| PHILLIP E. BOYNTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 02-1111 Ml/An |
| ) | |
| HEADWATERS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

COURT ORDERED COURT-ANNEXED MEDIATION

Pursuant to discussion during the telephone status conference held in this case on Thursday, April 21, 2005, the Court hereby refers the case for mediation through the court-annexed mediation program in order for the parties to attempt to achieve a settlement of the issues.

Mediation is a non-binding process conducted with the assistance of a neutral mediator. Mediation will be confidential and privileged from process and discovery. Following mediation, the court will be advised by written report from the court-appointed mediator that the parties did or did not settle the case, and whether further mediation is planned or recommended. Should the case not settle and the matter proceed to litigation, the court-appointed mediator shall not be a witness, nor shall the mediator's records be subpoenaed or used as evidence. No

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 4-29-05

354

subpoenas, citations, writs, or other process shall be served at or near the location of any mediation session upon any person entering, leaving, or attending any mediation session.

Pursuant to the local rule on mediation and the procedures adopted by the court as described in the Mediation Program Plan for the United States District Court for the Western District of Tennessee, the court clerk will provide to each counsel a list of five court-certified mediators randomly selected from the court's mediation panel. The parties may proceed by either a strike system or by agreement to select a mediator. If the parties are unable to agree on a mediator for this case, they are directed to promptly advise the court and the court will resolve the matter.

THE GENERAL RULES GOVERNING THE MEDIATION CONFERENCE SHALL BE AS FOLLOWS:

(a) The Mediation Program Coordinator (Office of the Clerk of Court, United States District Court for the Western District of Tennessee) shall provide the mediator a copy of this Order and a copy of the complaint and answer within three (3) days of notification of selection of the mediator by the parties. The mediator will promptly review these documents to determine whether to accept the mediation assignment. If the mediator agrees to mediate the case, the mediator will notify the parties, through

2

counsel, and the Mediation Program Coordinator of the scheduled mediation conference. If, however, the mediator declines the assignment, the mediator shall immediately notify the Mediation Program Coordinator of same and the parties will be afforded another opportunity to jointly select a mediator.

(b) Each party must be represented by a person with full authority to negotiate a complete compromise and settlement. Such persons shall be present during the entire mediation process. Failure of any party to have an authorized individual present at the mediation may result in the assessment of expenses, costs, and fees for all other attending parties. The participants shall exercise their best efforts to settle the case.

(c) THE PARTIES SHALL PREPARE A BRIEF WRITTEN SUMMARY OF THE FACTS AND ISSUES which shall be provided the mediator not less than ten (10) days before the scheduled conference. All discussions, representations and statements made at the mediation conference SHALL BE PRIVILEGED as settlement negotiations and nothing related to the conference shall be admitted at trial as evidence or subject to discovery. See Federal Rule of Evidence 408.

(d)  Counsel and parties, in consultation with the mediator, shall agree upon a mediation date within sixty (60) days from the entry of this order. If no agreed date can be scheduled within sixth (60) days from the entry of this order, then the mediator shall select a date within the sixth (60) days, and all parties shall appear as directed by the mediator.  The location of the mediation conference shall be established by the mediator.

In the event it shall become impossible for an attorney or a party to attend the conference as scheduled, coordination for rescheduling shall be done through the mediator, and the mediator shall advise the court's Mediation Program Coordinator of the new mediation conference date.

In any event, the mediation shall be conducted prior to <u>Friday, June 17, 2005</u>.  Failure to mediate will not be considered cause for the continuance of the trial date.  **Referral to mediation is not a substitute for trial and the case will be tried if not settled.**  The conditions stated in this Order will remain in effect.

(e)  The mediator shall make a report to the court, through the Mediation Program Coordinator, of the results of the mediation conference within ten (10) days of the conclusion thereof. If, in the opinion of the mediator, the mediation process necessitates

4

more than one mediation conference, the mediator shall submit a mediation conference report within ten (10) days of each successive conference.

(f)  The mediator shall be compensated in accordance with the fee arrangement detailed in the Agreement to Mediate (an attachment to the proposed Mediation Program), the costs of mediation being borne equally by the parties, unless otherwise agreed to by the parties and approved by the court.

IT IS SO ORDERED this _22_ day of April, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 354 in case 1:02-CV-01111 was distributed by fax, mail, or direct printing on April 29, 2005 to the parties listed.

---

David R. Wright
WORKMAN NYDEGGER & SEELEY
100 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Edwin E. Wallis
MOSS BENTON & WALLIS, PLLC
325 N. Parkway
P.O. Box 3897
Jackson, TN 38303--389

Charles J. Veverka
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Joseph G Pia
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Greg Oakley
SMALL SOPER & OAKLEY
One Burton Hills Blvd.
Ste. 330
Nashville, TN 37215

Larry R. Laycock
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Jeffrey A. Greene
One Burton Hills Blvd
Ste 330
Nashville, TN 37215

R. Parrish Freeman
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Brian L. Davis
LAW OFFICE OF BRIAN DAVIS
919 Ferncliff Cove
Suite 1
Southaven, MS 38671

Honorable Jon McCalla
US DISTRICT COURT