IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 MAY -9 PM 1:01

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

| | |
|---|---|
| PHILLIP E. BOYNTON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) NO. 02-1111 Ml/An |
| HEADWATERS, INC., et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Compel filed on December 17, 2004. United States District Judge Jon P. McCalla referred this matter to the Magistrate Judge for a report and recommendation. For the reasons set forth below, the Court recommends the Motion be **GRANTED** in part and **DENIED** in part.

### BACKGROUND

This supplemental report and recommendation involves Plaintiffs' request for production of documents. On February 15, 2005, the Court entered a report and recommendation, which was adopted in full by Judge McCalla. The report and recommendation required Plaintiffs and Defendant Headwaters, Inc. ("Headwaters") to meet and confer and to attempt to resolve this discovery dispute. If the parties were unable to resolve the discover dispute, Headwaters would be entitled to produce documents to the Court for an *in camera* review.

Defendant Headwaters, Inc. ("Headwaters") provided an initial privilege log in October 2002 and produced certain documents to Plaintiffs in May 2003; however, Plaintiffs argue that

1

Headwaters should produce additional documents from the law firm of Workman, Nydegger & Seeley, Headwater's counsel ("the Workman files"). Headwaters identified some of the Workman files in a supplemental November 4, 2004 privilege log, and it is these documents which are in dispute. As mentioned in the February report and recommendation:

> Plaintiffs argue that the supplemental privilege log identifies documents which should have been listed on the initial privilege log, thus these documents should be produced to Plaintiffs. Plaintiffs also argue that Headwaters relies on the work product doctrine, even though some of the documents were created prior to the initiation of this litigation. In other cases, Plaintiffs state that Headwaters relies on the attorney-client privilege without listing the source of the information. Plaintiffs also state that some documents which are "internal documents not transmitted from or to Headwaters" are not privileged and should be produced. Plaintiffs finally argue that Headwaters did not produce redacted versions of some documents. Instead of removing only those sections or sentences that were subject to a privilege, Plaintiffs argue that Headwaters relied on a blanket assertion of privilege applicability for entire documents.
>
> Headwaters responded to Plaintiffs' Motion and stated that it anticipated litigation on at least three different fronts relating to the complained-of transaction. As such, Headwaters argues that none of the 21 documents at issue in this motion are relevant to Plaintiffs' claims. Headwaters has asked the Court to review all 21 documents listed in the supplemental privilege log, and Headwaters states that after review, the Court should determine that none of the documents relate to Plaintiffs' claim. Headwaters also points out in their Response that Plaintiffs' counsel refused to confer in good faith prior to filing this Motion. Headwaters notes that some of the 21 documents may not need to be produced to the Court *in camera* "if Plaintiffs' counsel is willing to conduct the type of meaningful consultation with opposing counsel contemplated by the local rules." (Resp. to Mot. to Compel, at 2).
>
> Plaintiffs have requested the Court enter an order compelling Headwaters to produce previously withheld documents, or to submit these documents to the Court for an *in camera* review. In the latter case, Plaintiffs request the Court determine if a privilege applies to each document. If a privilege does not apply, Plaintiffs ask the Court to order Headwaters to produce the documents.

Report and Recommendation, *Boynton v. Headwaters*, Civil No. 02-1111 Ml/An (W.D. Tenn. Feb. 16, 2005).

2

The parties met and attempted to resolve the discovery dispute but failed to reach agreement with respect to three documents.[1] Headwaters produced these documents to the Court for an *in camera* review, and Headwaters argues these documents are protected by either the attorney-client privilege, the work product doctrine, or both.

## ANALYSIS

### I. Applicable Legal Standard

A court can enter an order compelling discovery when the opposing party improperly relies on a privilege and refuses to produce documents. *See* Fed. R. Civ. P. 37(a)(2). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Relevancy, for purposes of Fed. R. Civ. P. 26(b)(1), means "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1097 (6th Cir. 1994). In this Circuit, the scope of discovery is extremely broad under the Federal Rules of Civil Procedure and "is . . . within the broad discretion of the trial court." *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

One district court has noted that "the party resisting discovery bears the burden of demonstrating that the requested discovery . . . does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) . . . ." *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656-57 (D. Kan. 1999) (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)). In this matter the parties met and attempted to

---

[1] As a result of the meet and confer, Headwaters produced 18 of the 21 documents in dispute.

3

resolve this discovery dispute, as ordered by the Court, but the parties were unable to resolve the dispute with respect to three documents. Headwaters relies on the attorney-client privilege with respect to two documents and the work product doctrine with respect to all three documents.

The party raising a privilege has the burden of establishing the existence of the privilege. Fed. R. Civ. P. 26(b)(5). The objection must include sufficient information so that the Court and opposing Counsel can assess the applicability of the privilege. *Watts v. Federal Express Corp.*, No. 99-CV-701, 2001 WL 1661474, at *6 (W.D. Mich. Apr. 11, 2001); *Meridan Diagonostics, Inc. v. Yi.*, No. C-1-00-540, 2001 WL 1842463, at *9-10 (S.D. Ohio Mar. 9, 2001) (holding that a privilege log is required to assess the applicability of the privilege).

The attorney-client privilege is the oldest of privileges, and "courts are properly hesitant to intrude upon the private communications of clients and their attorneys." *Royal Surplus Lines Ins. Co. v. Sofamor Danek Group, Inc.*, 190 F.R.D. 505, 509 (W.D. Tenn. 1999). "Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1988). The privilege, however, is not absolute. *United States v. Goldfarb*, 328 F.2d 280, 282 (6th Cir. 1964). The Sixth Circuit has defined the essential elements of the attorney-client privilege as follows:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.

4

*Id.* at 281 (quoting 8 Wigmore, *Evidence* § 2292, at 554 (McNaughton rev. 1961)). The privilege "should not be extended to accomplish more than its purpose." *Id.* at 282; *see also Humphreys, Hutchenson & Moseley v. Donovam*, 755 F.2d 1211, 1219 (6th Cir. 1985).

In a diversity case, the applicability of the attorney-client privilege is determined according to state law. *See* Fed. R. Evid. 501. Therefore, the Court will look to Tennessee's attorney-client privilege to determine if a privilege is applicable in this case. In Tennessee, "[n]o attorney . . . shall be permitted . . . to disclose any communication made to the attorney." Tenn. Code Ann. § 23-3-105 (2004); *see also Boyd v. Comdata Network, Inc.*, 86 S.W.3d 203, 213 (Tenn. Ct. App. 2002). "The privilege applies not only to the client's communications but also to the attorney's communications to his or her client when the attorney's communications are specifically based on the client's confidential communications or when disclosing the attorney's communications would . . . reveal the substance of the client's confidential communications." *Boyd*, 86 S.W.3d at 213.

Documents made in anticipation of litigation are privileged under the work product doctrine. Fed. R. Civ. P. 26(b)(3). "The party seeking the protection of the work-product privilege has the burden of proving that the disputed documents are work product." *Royal Surplus Lines Ins. v. Sofamor Danek Group*, 190 F.R.D. 463, 473 (W.D. Tenn. 1999). The Sixth Circuit established a procedural step-by-step process for courts to use when a work product claim is made by a party. *See Toledo Edison Company v. G A Technologies, Inc.*, 847 F.2d 335, 339-40 (6th Cir. 1988). Overall, the Court must do the following:

> First, the party requesting the materials must make an initial showing that the information contained therein is relevant to the subject matter of the pending litigation and not otherwise privileged. Next, the party opposing production must

5

>  demonstrate that the materials were prepared in anticipation of litigation by or for that party's attorney or representative. Then, the burden shifts back to the requesting party to establish a substantial need of the materials and the inability to obtain the substantial equivalent of the materials by other means without undue hardship. In no event, however, should the court require the production of mental impressions, conclusions, opinions or legal theories of an attorney or other representative concerning the litigation.

*Royal Surplus*, 190 F.R.D. at 473. The work product doctrine is designed to prevent "unwarranted inquiries into the files and the mental impressions of an attorney . . . reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways" and prepared in anticipation of litigation. *Hickman v. Taylor,* 329 U.S. 495, 510 (1947). However, the rule does not protect from disclosure facts learned by an attorney, and courts have consistently held "that the work product concept furnishe[s] no shield against discovery, by interrogatories or by deposition, of the facts that the adverse party's lawyer has learned, or the persons from whom he or she ha[s] learned such facts. . ." 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* § 2023 (2d ed. 2004); *see Hickman,* 329 U.S. at 513.

## II. The Three Documents

### A. Document No. 1

Document No. 1 is a request made by Covol Technology, Inc.'s CEO, Mr. Brent Cook, for legal advice regarding two documents, which were previously produced to Plaintiffs. Headwaters claims the attorney-client privilege and the work product doctrine apply to Document No. 1; however, Document No. 1 is a letter from Covol's CFO to a third party, Mr. James Davidson. The letter was not prepared by an attorney, and the letter was only sent to an

attorney after Mr. Davidson signed the "Acknowledged and Agreed" portion of the letter. At that point, it appears Mr. Cook sent the letter to Headwater's counsel for advice.

Because the substance of the letter is not legal advice of any kind sought from a professional legal advisor in his capacity as such, the attorney-client privilege does not apply. Furthermore, from the Court's review of the letter, there is no indication that this letter was prepared in anticipation of litigation by an attorney or other representative of Headwaters. As such, the work product doctrine is not applicable, and the Court concludes the letter should be produced. With respect to Document No. 1, the Court recommends the Motion to Compel should be **GRANTED**. Headwaters should produce Document No. 1 within 11 days of entry of Judge McCalla's Order adopting this report and recommendation, if one is entered.

### B. Document No. 2

Document No. 2 is an Interoffice Memorandum from one attorney to another attorney involving the facts and law of this case. Both attorneys work for Headwaters' counsel. Because the document appears to have been prepared in anticipation of litigation, the Court concludes Document No. 2 is protected by the work product doctrine and should not be produced. With respect to Document No. 2, the Court recommends the Motion to Compel should be **DENIED**.

### C. Document No. 3

Document No. 3 appears to be a draft of a letter from Headwaters' counsel Larry Laycock to Mr. James Davidson. The draft of this letter was faxed to Mr. Stanley Kimball at Covol Technologies, Inc. After review, the Court concludes the contents of this letter were prepared in anticipation of litigation; therefore, Document No. 3 is protected by the work product doctrine

7

and should not be produced. With respect to Document No. 3, the Court recommends the Motion to Compel should be **DENIED**.

## CONCLUSION

The Court recommends that Headwaters should be required to produce Document No. 1 to Plaintiffs within 11 days of entry of an Order adopting this report and recommendation. The Court recommends that Document Nos. 2 and 3 are protected by the work product doctrine and should not be produced.

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN TEN (10) DAYS FROM THE DATE OF SERVICE OF THE REPORT. FAILURE TO FILE THEM WITHIN TEN (10) DAYS OF SERVICE MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.

S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Date: May 06, 2005

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 357 in case 1:02-CV-01111 was distributed by fax, mail, or direct printing on May 18, 2005 to the parties listed.

---

Larry R. Laycock
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Brian L. Davis
LAW OFFICE OF BRIAN DAVIS
919 Ferncliff Cove
Suite 1
Southaven, MS 38671

Greg Oakley
SMALL SOPER & OAKLEY
One Burton Hills Blvd.
Ste. 330
Nashville, TN 37215

Jeffrey A. Greene
One Burton Hills Blvd
Ste 330
Nashville, TN 37215

Edwin E. Wallis
MOSS BENTON & WALLIS, PLLC
325 N. Parkway
P.O. Box 3897
Jackson, TN 38303--389

Joseph G Pia
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Charles J. Veverka
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

R. Parrish Freeman
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

David R. Wright
WORKMAN NYDEGGER & SEELEY
100 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Honorable Jon McCalla
US DISTRICT COURT