IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ D.C.
05 AUG 11 AM 8:07
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| PHILIP E. BOYNTON, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 02-1111 Ml/An |
| HEADWATERS, INC. et al., | ) |
| Defendants. | ) |

## ORDER DENYING DEFENDANT HEADWATERS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Before the Court is Defendant Headwaters' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed June 24, 2005. Plaintiffs responded in opposition on July 26, 2005. Defendant filed a reply on August 3, 2005. For the following reasons, Defendant's motion is DENIED.

I. BACKGROUND

The present action started as a separate lawsuit brought in the Western District of Tennessee, Eastern Division, styled <u>Adtech, Inc. of Illinois v. James G. Davison, et al.</u>, Case No. 00-1244. In that case, three of the named Plaintiffs in the current action brought a lawsuit on behalf of the corporate entity, Adtech, Inc. ("Adtech") against Defendants James G. Davidson and Covol Technologies, Inc. ("Covol").[1] The

---

[1] Covol Technologies is now known as "Headwaters."

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 8-11-05

373

individuals alleged that Mr. Davidson had unlawfully sold the rights to U.S. Pat. No. 5,238,629 (the "'629 patent") without corporate authorization. <u>Adtech v. Davidson</u>, Case No. 00-1244, Order Granting Defs.' Mot.'s to Dismiss at 2-3 (W.D. Tenn. Aug. 28, 2001). In an Order entered on August 28, 2001, the Honorable James D. Todd dismissed that action for lack of subject matter jurisdiction. <u>Id</u>. at 8. The court held that Adtech never owned the '629 patent, and consequently, did not have standing to assert ownership rights to the patent.[2] To correct the jurisdictional deficiency, Plaintiffs re-instated their action in their individual capacity as investors. It is this second lawsuit that is the subject of the pending motion.

On October 8, 2002, the Court denied the motion to dismiss this action for lack of subject matter jurisdiction of Defendants Davidson and former Defendant Hoover. (See Order Denying Defs.' Mot. to Dismiss, Oct. 8, 2002 (Docket No. 36).) In that order, the Court noted that Plaintiffs had alleged that "as investors in

---

[2] In that case, Judge Todd found that there were two separate corporations with the name Adtech, Inc., of Illinois. The first was incorporated on November 27, 1987, and dissolved by the Illinois Secretary of State on April 1, 1991. <u>Adtech v. Davidson</u>, Case No. 00-1244, Order Granting Defs.' Mot.'s to Dismiss at 2-3 (W.D. Tenn. Aug. 28, 2001). Thus, the Court held that a purported assignment of the '629 patent to the first Adtech, executed on July 29, 1991, was of no effect because the corporation had been dissolved. (<u>Id</u>. at 8.) The second Adtech was incorporated on May 14, 1998. (<u>Id</u>. at 4.) The Court concluded that the individual affiants were not officers, directors or shareholders of the second Adtech at the time the patent was sold, and thus could not authorize a suit on behalf of the Second Adtech. (Id. at 5.)

the venture to develop and commercialize the patent, their interest is individual, as beneficiaries of a resulting or constructive trust, or as an unincorporated association or partnership" and found that, at that stage of the proceedings, Plaintiffs did not lack standing to bring their claims. (Id. at 4.) On January 13, 2004, the Court granted in part and denied in part the motion for summary judgment of Defendant Headwaters. (See Jan. 13, 2004, Order (Docket No. 111).) In particular, the Court denied Defendant's motion for summary judgment regarding Plaintiff's claims for the imposition of a constructive trust and for civil conspiracy. (Id.) The deadline for filing dispositive motions has now passed, and this case is currently set for trial on September 6, 2005.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of [subject matter] jurisdiction on its face ... or it can attack the factual basis for [subject matter] jurisdiction ...." DLX, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004).

In the instant case, the Court finds that Defendant Headwaters attacks the factual basis for jurisdiction - in particular, whether the relevant facts support Defendant's contention that Plaintiffs have not suffered an injury-in-fact so

3

as to have standing to bring their claims. When a Rule 12(b)(1) motion attacks the factual basis for subject matter jurisdiction, "the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." DLX, 381 F.3d at 516 (citing, inter alia, RMI Titanium Co. v. Westinghouse Elec. Corp., 78 F.3d 1125, 1133-35 (6th Cir. 1996)). In reviewing a Rule 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." Ohio Nat'l. Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990). If a court determines that it lacks subject matter jurisdiction, "the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3).

In the instant case, both parties have attached exhibits to their submissions. The Court, utilizing its discretion to allow the presentation of such materials, has reviewed those materials submitted by the parties in support of their respective contentions. The Court finds that neither the submission of additional materials, a limited evidentiary hearing nor oral argument would aid the Court in the resolution of Defendant's motion.

### III. ANALYSIS

Defendant contends that Plaintiffs lack standing to bring this suit because they have failed to establish that they have a legally protected interest in the '629 patent. Plaintiffs

4

contend that Defendant's argument goes to the merits of their claim, rather than their standing to bring suit.

In order for a federal court to exercise jurisdiction over a matter, the party seeking relief must have standing to sue. Kardules v. City of Columbus, 95 F.3d 1335, 1346 (6th Cir. 1996). As a constitutional requirement to establish standing, Plaintiffs must show that: (1) they have suffered an injury-in-fact; (2) there is a causal connection between the injury and the conduct of the defendants; and (3) the injury is capable of redress by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized ... and (b) actual or imminent, not conjectural or hypothetical." Lujan, 504 U.S. at 560 (citations and internal quotation marks omitted).

The only standing requirement that Defendant contends is lacking in this case is a "legally protected interest" on the part of Plaintiffs. (See Def. Headwaters' Mem. of Pts. And Auth. in Supp. of its Mot. to Dismiss for Lack of Subj. Matter Jur. at 4.) In particular, Defendant contends that Plaintiffs have no legally protected interest in the '629 patent because the patent was never an asset of the Adtech Corporation of which Plaintiffs were shareholders and because Plaintiffs can establish no other personal interest in the patent either as individuals, a partnership, or an unincorporated association.

5

Plaintiffs assert, however, that they have a legally protected interest as the purported beneficiaries of a constructive trust regarding the '629 patent. In fact, the Court has found that Plaintiffs have established the existence of genuine issues of material fact preventing summary judgment regarding their claim for the imposition of a constructive trust. (See Jan. 13, 2004, Order.) Although Plaintiffs bear the burden of proving their entitlement to the imposition of a constructive trust at trial,[3] jurisdiction is not defeated "by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover." Steel Co. v. Citizens for a Better Env., 523 U.S. 83, 89 (1998)(quoting Bell v. Hood, 327 U.S. 678, 682 (1946)). Rather, "the absence of a valid ... cause of action does not implicate subject-matter jurisdiction, *i.e.* the courts' statutory or constitutional *power* to adjudicate the case ...." Id.; see also Dilaura v. Ann Arbor Charter

---

[3] Under Tennessee law, a Court may create a constructive trust under four circumstances:

> 1) [when] a person procures the legal title to [a] property in violation of some duty, express or implied, to the true owner; or
> 2) where the title to property is obtained by fraud, duress or other inequitable means; or
> 3) where a person makes use of some relation of influence or confidence to obtain the legal title upon more advantageous terms than could otherwise have been obtained; or
> 4) where a person acquires property with notice that another is entitled to its benefits.

Tanner v. Tanner, 698 S.W.2d 342, 346 (Tenn. 1985).

6

Township., No. 00-1846, 30 Fed. Appx. 501, 506 (6th Cir. Feb. 25, 2002)(finding "injury in fact" to be "a standard meant to weed out those who have no interest in the action, not to deny a day in court to those who have weak cases.")

Defendant's contentions regarding standing are more properly addressed to the merits of Plaintiffs' claim for the imposition of a constructive trust.  Accordingly, the Court finds that Plaintiffs have established that they suffered an injury-in-fact sufficient to provide standing to sue.  Defendant's motion to dismiss for lack of subject matter jurisdiction therefore DENIED.

## IV. CONCLUSION

For the reasons stated, Defendant's motion is DENIED.


SO ORDERED this __9__ day of August, 2005.

_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 373 in case 1:02-CV-01111 was distributed by fax, mail, or direct printing on August 11, 2005 to the parties listed.

---

Brian L. Davis
LAW OFFICE OF BRIAN DAVIS
919 Ferncliff Cove
Suite 1
Southaven, MS 38671

David R. Wright
WORKMAN NYDEGGER & SEELEY
100 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Edwin E. Wallis
MOSS BENTON & WALLIS, PLLC
325 N. Parkway
P.O. Box 3897
Jackson, TN 38303--389

Larry R. Laycock
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Jeffrey A. Greene
One Burton Hills Blvd
Ste 330
Nashville, TN 37215

R. Parrish Freeman
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Joseph G Pia
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Charles J. Veverka
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Brent P. Lorimer
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Greg Oakley
SMALL SOPER & OAKLEY
One Burton Hills Blvd.
Ste. 330
Nashville, TN 37215

Honorable Jon McCalla
US DISTRICT COURT