
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 AUG 23 PM 4:28

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| PHILLIP E. BOYNTON, et al., ) | |
| Plaintiffs, ) | |
| v. ) | No. 02-1111 Ml/An |
| HEADWATERS, INC., et al., ) | |
| Defendants. ) | |

**ORDER DENYING PLAINTIFFS' MOTION FOR SANCTIONS**

Before the Court is Plaintiffs' Motion for Sanctions, filed October 15, 2004. Defendant Headwaters filed a response on October 22, 2004. For the following reasons, Plaintiffs' motion is DENIED.

Plaintiff moves the Court to impose sanctions on Defendant Headwaters, Inc., its former trial counsel, Mr. Larry Laycock, Esq., and Mr. Laycock's firm, Workman Nydegger, pursuant to 28 U.S.C. § 1927, 18 U.S.C. § 401, and Federal Rule of Civil Procedure 37 because of Defendant's failure to produce a document requested in discovery.

Plaintiffs' motion for sanctions arises out of Defendant's belated production of a copy of a facsimile sent from Mr. Graydon Hoover to Mr. Larry Laycock, counsel for Defendant Headwaters, dated August 18, 1998. Plaintiffs contend that Defendant Headwaters denied receipt of that facsimile at several points

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on  8-24-05



during the instant litigation, but then eventually produced the document in a subsequent document production on August 6, 2004. Plaintiffs also contend that the facsimile was within the scope of a subpoena issued by the United States District Court for the District of Utah on September 20, 2002, compliance with which the parties agreed to resolve in this Court.

Plaintiffs first move for sanctions pursuant to 28 U.S.C. § 1927. Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Whether to award sanctions pursuant to § 1927 lies within the Court's discretion. See Ridder v. City of Springfield, 109 F.3d 288, 298 (6th Cir. 1997). Although sanctions may be assessed without a finding of bad faith, simple negligence or inadvertence does not support an award of sanctions under § 1927. Id. Rather, "there must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." Id. (citations omitted).

2

Plaintiffs also move for sanctions pursuant to 18 U.S.C. § 401. Section 401 provides that:

> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as -
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Plaintiffs contend that Defendant Headwaters should be found in either civil or criminal contempt of court and sanctioned for its alleged failure to comply with a subpoena *duces tecum* issued by the United States District Court for the District of Utah.

Additionally, Plaintiffs move for sanctions pursuant to Federal Rules of Civil Procedure 37(b)(2) and (c)(1). Rule 37(b)(2) provides, in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> ...
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders ... ;
> ...
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to

3

> obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2). Rule 37(c)(1) provides, in pertinent part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). In particular, Plaintiffs contend that Defendant Headwaters should be sanctioned because it failed to comply with the Court's April 4, 2003, Order on Motion to Compel and to disclose the August 18, 1998, facsimile either during its initial disclosures or to take action to correct earlier incorrect responses.

Since the filing of Plaintiffs' motion for sanctions, the Court has allowed Plaintiffs to depose additional witnesses, including Mr. Stanley Kimball and Mr. Laycock, and Defendant has agreed that Mr. Laycock will not serve as lead trial counsel and may be called as a witness in this case. Moreover, the August

4

18, 1998, facsimile was disclosed to Plaintiffs on August 6, 2004. The fact that the trial of this case was continued from October 2004, until September 2005, as well as the considerations noted above, mitigate any prejudice from the late production.

Additionally, having reviewed the record and the parties' submissions, the Court finds no indication that Defendant failed to comply with any orders of this or any other Court or engaged in any other misconduct either intentionally or in bad faith. The Court also finds that Defendant has not acted unreasonably or vexatiously or fallen short of its obligations as a member of the bar with respect to any matter in this case. Accordingly, considering the record and the legal standards set forth above, the Court finds that no sanctions are appropriate. Plaintiffs' motion for sanctions is therefore DENIED.

So ORDERED this 23 day of August, 2005.

JON P. McCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 377 in case 1:02-CV-01111 was distributed by fax, mail, or direct printing on August 24, 2005 to the parties listed.

---

David R. Wright
WORKMAN NYDEGGER & SEELEY
100 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Edwin E. Wallis
MOSS BENTON & WALLIS, PLLC
325 N. Parkway
P.O. Box 3897
Jackson, TN 38303--389

Charles J. Veverka
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Joseph G Pia
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Greg Oakley
SMALL SOPER & OAKLEY
One Burton Hills Blvd.
Ste. 330
Nashville, TN 37215

Brent P. Lorimer
WORKMAN NYDEGGER
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT 84111

Larry R. Laycock
WORKMAN, NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Jeffrey A. Greene
One Burton Hills Blvd
Ste 330
Nashville, TN 37215

R. Parrish Freeman
WORKMAN NYDEGGER & SEELEY
1000 Eagle Gate Tower
60 E. South Temple
Salt Lake City, UT 84111

Brian L. Davis
LAW OFFICE OF BRIAN DAVIS
919 Ferncliff Cove
Suite 1
Southaven, MS 38671

Honorable Jon McCalla
US DISTRICT COURT