**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| PHILIP E. BOYNTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 02-1111 Ml/An |
| | ) | |
| HEADWATERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is (1) the Motion for Summary Judgment of Defendant Headwaters ("Headwaters"), filed October 31, 2005; (2) Headwaters' Motion for Summary Judgment on the Basis of Plaintiffs' Lack of Rights in the Disputed Property, filed December 6, 2005; and (3) Headwaters' Conditional Motion for Summary Judgment that the Putative Class Members' Claims are Barred by the Statute of Limitations, filed December 29, 2005. Plaintiffs responded in opposition on December 2, 2005, January 12, 2006, and January 17, 2006, respectively. Headwaters replied to Plaintiffs' responses on December 9, 2005, January 24, 2006, and January 26, 2006, respectively. Also before the Court is Plaintiffs' Motion to Certify Class, filed September 26, 2005, to which Headwaters responded in opposition on December 1, 2005.

For the following reasons, the Court GRANTS Defendant's Motion for Summary Judgment, filed on October 31, 2005. Because the Court grants this motion, it does not reach the other pending motions.

**I. BACKGROUND AND RELEVANT FACTS**

The present action began as a separate lawsuit brought in the Western District of Tennessee, Eastern Division, styled <u>Adtech, Inc. of Illinois v. James G. Davison, et al.</u>, Case No. 00-1244. In that case, three of the named Plaintiffs in the instant action brought a lawsuit on behalf of the corporate entity, Adtech, Inc. ("Adtech") against Defendants James G. Davidson ("Davidson") and Covol Technologies, Inc. ("Covol").[1] The plaintiffs alleged that Davidson, the president of Adtech and inventor of the patented technology, had unlawfully sold the rights to U.S. Pat. No. 5,238,629 ("the '629 patent") without corporate authorization. (Order Granting Defs.' Mot. Dismiss at 2-3, <u>Adtech, Inc. v. Davidson</u>, Case No. 00-1244 (W.D. Tenn. Aug. 28, 2001)). In an order entered on August 28, 2001, the Honorable James D. Todd dismissed the action for lack of subject matter jurisdiction. (<u>Id.</u> at 8.) The court held that Adtech never owned the '629 patent, and consequently, did not have standing to assert ownership rights to the patent.[2]

---

[1] Covol is now known as Headwaters, Inc. For purposes of this order, the Court will refer to Covol as Headwaters.

[2] In that case, Judge Todd found that there were two separate corporations with the name Adtech, Inc., of Illinois. The first was incorporated on November 23, 1987, and dissolved by the Illinois Secretary of State on April 1, 1991. (<u>Id.</u> at 2-3.) Thus, the Court held that a purported assignment of the '629 patent to the first Adtech, executed on July 29, 1991, was of no
(Continued . . .)

(. . . continued)
effect because the corporation was already dissolved. (<u>Id.</u> at 8.) The second Adtech was incorporated on May 14, 1998. (<u>Id.</u> at 4.) The Court concluded that the individual plaintiffs were not officers, directors, or shareholders of the second Adtech at the

To correct the jurisdictional deficiency, Plaintiffs brought suit again, this time in their individual capacity as investors. The named Plaintiffs in this second action are the same three shareholders and/or directors involved in the prior case, joined by six other individuals.[3]  It is this second lawsuit that is the subject of the motions now before the Court.

According to the Amended Complaint, sometime in the late 1980's Plaintiffs invested in Adtech, a joint business venture created for the single purpose of developing and commercializing agglomeration technology covered under the '629 patent.[4] Plaintiffs aver that they paid Davidson ten thousand dollars ($10,000) in advance for the '629 patent, which he was to assign to the corporation.  Plaintiffs allege that they acquired an interest in the patent through the Davidson's assignment of the patent on July 29, 1991.  (Am. Compl. ¶ 16.)  It is Plaintiffs' contention that Davidson permitted Adtech to be administratively dissolved on April 1, 1991, without the Plaintiffs' knowledge. Plaintiffs further allege that they did not learn of the corporate dissolution until years later, and that until that time, they were misled into believing that Adtech was operating

---

time the patent was sold, and thus could not authorize a suit on behalf of the second Adtech.  (Id. at 5.)

[3]  The named plaintiffs are Philip E. Boynton, Clarence W. Boynton, Norma Ann Logan, Renelda J. Westfall, Shannon Nonn, Aaron Scott Bernard, Alan F. Bernard, Linda R. Bernard, and David Alan Bernard.  (Am. Compl. ¶ 1.)  The Court notes that Richard M. Boynton, a named plaintiff in the original complaint, was not named as a plaintiff in the Amended Complaint.

[4]  Agglomeration technology refers to the process by which coal, rock, and other materials are combined into larger pieces, while removing various undesirable impurities.  (Am. Compl. ¶ 10)

as a viable corporation.

Davidson negotiated a license agreement with Carbontec
Energy Corporation in 1996 ("Carbontec license").  According to
Plaintiffs, in 1998 Davidson entered into negotiations with
Headwaters for the sale of the '629 patent and the Carbotec
license.  Plaintiffs allege that Headwaters knew that Davidson
was defrauding his investors, but chose to assist Davidson in his
scheme to defraud Plaintiffs out of their investment in the
development of the '629 patent.  Specifically, Plaintiffs argue
(1) that Headwaters knew that Davidson had secretly incorporated
a new corporation, also named Adtech, in 1998, (2) that
Headwaters prepared documents related to the sale which
Headwaters knew were inaccurate, and (3) that Headwaters helped
Davidson structure the sale in such a manner that would allow
Davidson to divert the profits of the sale for his personal
benefit.  (Am. Compl. ¶ 34.)

The sale was successfully completed on October 22, 1998.
Headwaters currently owns the disputed technology.  (Id. ¶ 26.)
Plaintiffs allege that Headwaters maliciously bought the '629
patent to protect other competing technologies owned by the
corporation, thereby depriving Plaintiffs of the profits of the
commercialization.  (Id.)  Headwaters denies any knowledge of
Plaintiffs' interest in the intellectual property or of any
understanding between Davidson and Plaintiffs.

Plaintiffs originally sought a declaratory judgment as to
the proper owner of the patent and monetary damages for patent
infringement.  The Court dismissed those claims on September 30,

2003.  (Order Granting in Part and Denying in Part Def.
Headwaters' Mot. J. Pleadings ("Order J. on Pleadings").)
Plaintiffs also asserted a number of state law claims in their
Amended Complaint, including fraud and civil conspiracy, breach
of constructive trust, breach of resulting trust, conversion,
breach of contract, interference with contract, and breach of
fiduciary duty.  Plaintiffs asserted claims against Headwaters,
Davidson, and A. Graydon Hoover[5], as well as Doe Defendants 1–25.

The Court granted Headwaters' motion for summary judgment as
to the fraud, breach of constructive trust, and breach of
resulting trust claims in September, 2003.  (Order J. on
Pleadings, Sept. 30, 2003.)  In January, 2004, the Court struck
the Doe Defendants and dismissed Plaintiffs' claims of conversion
and interference of contract as to Headwaters.  (Order Granting
in Part and Denying in Part Def. Headwaters' Mot. Summ. J.,
("Order Summ. J.") Jan. 13, 2004.)  In that motion, the Court
denied Headwaters' motion for summary judgment as to Plaintiffs'
claims for the imposition of a constructive trust and for civil
conspiracy. (Id.)

The parties entered a stipulation of dismissal against
Hoover on October 5, 2004, and the Court entered an order
dismissing Hoover from the case on October 12, 2004.  The Court
signed a consent order dismissing Davidson from this lawsuit on
September 26, 2005.

Accordingly, the only claims currently remaining in this

---

[5] Plaintiffs allege that Defendant Hoover provided bookkeeping
and accounting services to Adtech and was the incorporator of the
Second Atdech.  (Am. Compl. ¶ 24.)

case are the claims of civil conspiracy and imposition of a
constructive trust against Headwaters.  Plaintiffs contend that
Headwaters is liable for civil conspiracy because it wrongfully
participated with Davidson in his scheme to deprive Plaintiffs of
their interest in the '629 Patent and the Carbontec license for
the purpose of acquiring those assets for Headwaters' own
benefit.  Plaintiffs also seek the imposition of a constructive
trust.  Plaintiffs contend that Headwaters acquired both the '629
Patent and the Carbontec license with knowledge that Plaintiffs
were the beneficial owners of those assets and that the transfers
by Davidson to Headwaters of those assets was wrongful.
Plaintiffs contend that this renders Headwaters liable to account
for the profits received from the assets.  Finally, Plaintiffs
seek punitive damages against Headwaters.

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), summary
judgment is proper "if the pleadings, depositions, answers to
interrogatories, and admissions on file, together with the
affidavits, if any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to judgment
as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex
Corp. v. Catrett, 477 U.S. 317, 322 (1986).  So long as the
movant has met its initial burden of "demonstrat[ing] the absence
of a genuine issue of material fact," Celotex, 477 U.S. at 323,
and the nonmoving party is unable to make such a showing, summary
judgment is appropriate.  Emmons v. McLaughlin, 874 F.2d 351, 353

(6th Cir. 1989).   In considering a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

When confronted with a properly-supported motion for summary judgment, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e); see also Abeita v. TransAmerica Mailings, Inc., 159 F.3d 246, 250 (6th Cir. 1998).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

## III. ANALYSIS

In its October 31, 2005 motion, Headwaters moves for summary judgment as to Plaintiffs' claims of civil conspiracy, and imposition of a constructive trust.  Headwaters argues that there can be no liability for civil conspiracy without an actionable underlying wrong, and contends that as there are no remaining claims against it or against the other Defendants, the civil conspiracy claim must fail.  (Def.'s Mot. Summ. J. ¶¶ 1, 3.)

Additionally, Headwaters contends that a constructive trust is
simply a remedy and "cannot survive absent an actionable
underlying wrong."  (Id. ¶ 2.)

### A. Civil Conspiracy

A civil conspiracy requires "a combination between two or
more persons to accomplish by concert an unlawful purpose or to
accomplish a purpose not in itself unlawful by unlawful means."
Brown v. Birman Managed Care, Inc., 43 S.W.3d 62, 67 (Tenn.
2001)(citations omitted).  Each conspirator is liable for the
actions of his co-conspirators done in furtherance of the
conspiracy.  Id. at 67, 71.  Under Tennessee law, a "civil
conspiracy claim cannot survive without the underlying claims."
Greene v. Brown & Williamson Tobacco Corp., 72 F. Supp. 2d 882,
887 (W.D. Tenn. 1999)(citing Tenn. Publ'g. Co. v. Fitzhugh, 52
S.W.2d 157, 158 (Tenn. 1932)("[A] conspiracy cannot be made the
subject of a civil action, unless something is done which,
without the conspiracy, would give a right of action.")).  "If
[the underlying] claim fails, then the claim for conspiracy must
also fail . . . ."  Forrester v. Stockstill, 869 S.W.2d 328, 330
(Tenn. 1994).

Here, Plaintiffs do not allege that Headwaters or any
defendant in this case has committed an underlying predicate act.
Plaintiffs originally asserted tort claims against Headwaters,
Davidson, and Hoover.  However, these claims have been dismissed
by the Court on their merits or have been voluntarily dismissed

as part of Plaintiffs' settlement with Hoover and Davidson.  (See
Order J. on Pleadings, Sept. 30, 2003; Order Summ. J., Jan. 13,
2004; Order of Dismissal as to Def. A. Graydon Hoover, Oct. 12,
2004; Order, Sept. 26, 2005.)  The only remaining claim is that
of civil conspiracy, and "conspiracy, standing alone is not
sufficient to support a cause of action."  Greene, 72 F. Supp. 2d
at 887.  No underlying substantive claim remains against either
Headwaters or against any other former defendant upon which
Plaintiffs may base their allegations of conspiracy.

      Plaintiffs contend that their conspiracy claim is still
viable because the settlement agreement that Plaintiffs entered
into with Davidson is "entirely different from a finding by this
Court that the underlying conduct was not actionable."  (Pls.'
Mem. Opp'n to Headwaters' Mot. Summ. J. 4.)  However, Plaintiffs
voluntarily dismissed all of their claims against Davidson with
prejudice, and "[a] voluntary dismissal with prejudice operates
as a final adjudication on the merits . . . ."  Warfield v.
AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir.
2001)(citing Harrison v. Edison Bros. Apparel Stores, Inc., 924
F.2d 530, 534 (4th Cir. 1991)); accord Cunningham v. F.B.I., 765
F.2d 61, 63 (6th Cir. 1985)("[A] dismissal with prejudice acts as
an adjudication on the merits in favor of the [defendant] . . .
.")(citation omitted).  The Sixth Circuit has explained that "a
dismissal with prejudice operates as a rejection of the
plaintiff's claims on the merits . . . ."  United States v. One
Tract of Real Property, 95 F.3d 422, 426 (6th Cir. 1996).  The

dismissal with prejudice of all claims against Davidson operated as a final adjudication on the merits in favor of Davidson, and Plaintiffs can no longer rely on those claims to serve as the predicate acts for their civil conspiracy claim.[6]

Because there is no "underlying predicate tort allegedly committed pursuant to the conspiracy," <u>Morgan v. Brush Wellman, Inc.</u>, 165 F. Supp. 2d, 704, 721 (E.D. Tenn. 2001), Plaintiffs' claim of civil conspiracy must fail.  Accordingly, Headwater's motion for summary judgment as to the claim of civil conspiracy is GRANTED.

**B. Constructive Trust**

"A constructive trust arises against one who . . . by commission of a wrong, or by any form of unconscionable conduct, artifice, concealment, or questionable means . . . holds the legal title to property which he ought not in equity and good conscience hold and enjoy." <u>Rowlett v. Guthrie</u>, 867 S.W.2d 732, 734 (Tenn. Ct. App. 1993).  Under Tennessee law, a Court may only create a constructive trust:

---

[6] Neither party asserts that Plaintiffs' conspiracy claim can proceed based solely on the underlying fraud claim against Hoover.  Hoover was dismissed from this suit without prejudice in 2004.  (Order of Dismissal, Oct. 12, 2004.)  The instant motion for summary judgment, Plaintiffs' response in opposition, and Headwaters' reply all lack any reference to Hoover.  Moreover, the "Contentions of the Plaintiffs" in the proposed joint Amended Pretrial Order, submitted to the Court on January 30, 2006, relies solely on the acts of Davidson and Headwaters to support Plaintiffs' claim of civil conspiracy.  The Court finds that Plaintiffs do not assert that the allegation of fraud by Hoover is the predicate act necessary for their civil conspiracy claim.  Thus, Plaintiffs have not "set forth specific facts" with regard to the underlying fraud claim against Hoover to "show[] that there is a genuine issue for trial" as to their claim of civil conspiracy.  <u>See</u> Fed. R. Civ. P. 56(e).

> 1) where a person procures the legal title to property in violation of some duty, express or implied, to the true owner; or
> 2) where title to property is obtained by fraud, duress or other inequitable means; or
> 3) where a person makes use of some relation of influence or confidence to obtain the legal title upon more advantageous terms than could otherwise have been obtained; or
> 4) where a person acquires property with notice that another is entitled to its benefits.

Tanner v. Tanner, 698 S.W.2d 342, 345-46 (Tenn. 1985).

Plaintiffs contend that Headwaters acquired the '629 patent with notice that Davidson was not the sole owner of the rights to the patent.  (Am. Compl. ¶¶ 34, 42.)

However, Plaintiffs no longer have any substantive claim remaining in this case and thus cannot support their request for the imposition of a constructive trust.  "A constructive trust is merely a remedy used by courts to enforce substantive rights; it is not itself a substantive right."  Rider ex rel. Rider v. Rider, 2003 Tenn. App. LEXIS 724, *9 (Tenn. Ct. App. Oct. 15, 2003)(citing Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 780 (10th Cir. 1990)); see also In re Newpower, 233 F.3d 922, 932 (6th Cir. 2000)("Because a constructive trust . . . is a remedy, it does not exist until a plaintiff obtains a judicial decision finding him to be entitled to a judgment 'impressing' defendant's property or assets with a constructive trust.").  "Some element of fraud, concealment, duress, etc., . . . is required for a constructive trust."  Stewart v. Sewell, 2005 Tenn. App. LEXIS 222, *35 (Tenn. Ct. App. Apr. 14, 2005)(citing Roach v. Renfro, 989 S.W.2d 335, 340-41 (Tenn. Ct. App. 1998)).

As no substantive claim remains in this case for which a constructive trust may serve as a remedy, Plaintiffs cannot obtain the remedy of a constructive trust.  Accordingly, Defendant's motion for summary judgment as to the issue of the constructive trust remedy is GRANTED.

## IV.  Conclusion

For the foregoing reasons, the Court GRANTS Defendant's Motion for Summary Judgment as to Plaintiffs' civil conspiracy and constructive trust claims.  As no claims remain in this case, the Court does not reach the other motions that are currently pending.  Accordingly, this action is DISMISSED.


So ORDERED this 2nd day of February, 2006.


/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE