IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| PHILIP E. BOYNTON et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:02-cv-01111-JPM-egb |
| | ) | |
| HEADWATERS, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING HEADWATERS'S MOTION FOR DECERTIFICATION OF THE PLAINTIFF CLASS AND MOTION FOR A TRIAL SEQUENCE ORDER**

Before the Court is Defendant Headwaters, Inc.'s Motion for Decertification of the Plaintiff Class or, in the Alternative, for an Order Prescribing the Class Members' Burden of Proof at Trial and the Sequence of Proceedings (Docket Entry ("D.E.") 793), filed April 14, 2010. Plaintiffs responded in opposition on May 19, 2010. (D.E. 809.) Headwaters filed a reply with leave of Court on June 1, 2010. (D.E. 820.) For the following reasons, the Court DENIES Headwaters's motion to decertify the class and alternative motion to establish a trial sequence for the remaining issues in this matter.

**I. Background**

The facts relevant to the instant motion are as follows. On August 26, 2008 the Court certified a class pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of "[a]ll

1

shareholders of the First Adtech, their heirs, successors, and assigns, who did not receive dividends through the Second Adtech." (Order Granting Motion to Certify Class Pursuant to Rule 23 (D.E. 574) 29.)

A jury trial of this matter was set for June 1, 2009. (Sept. 10, 2008 Setting Letter (D.E. 592).) Headwaters proposed a bifurcated trial schedule in which, *inter alia*, the jury would decide common issues relating to the class as a whole and individual issues relating to the named plaintiffs. (Headwaters's Mot. for Determination of Trial Sequence and Issues to Be Tried (D.E. 637) 1.) If the jury found for the plaintiffs, a second phase of trial would be held on the individual issues remaining as to the unnamed class members. (Id.) The Court adopted Headwaters's proposed trial schedule. (Order on Def.'s Mot. for Determination of Trial Sequence and Issues to Be Tried (D.E. 655).) The first phase of trial was held in June 2009, and the jury found, *inter alia*, that Headwaters engaged in a civil conspiracy to defraud the class members. (Jury Verdict Form (D.E. 750) 4.)

Following the first phase of trial, the Parties submitted post-verdict memoranda. Headwaters's memorandum argued that the Court should decertify the class, (Headwaters's Post-Verdict Mem. (D.E. 761) 2-4), but the Court rejected that argument on the basis of the present record (Order Following Hearing (D.E. 775)). Headwaters also argued that it should be allowed to

2

present arguments to the Court on Headwaters's equitable defenses and the equities of imposing a constructive trust to the extent necessary following the second phase of trial. (Headwaters's Post-Verdict Mem. 22-29.)  The second phase of trial was set for June 21, 2010.  (Nov. 11, 2009 Setting Letter (D.E. 780).)  On April 14, 2010 Headwaters filed a Motion for Summary Judgment as to All Unnamed Members of the Plaintiff Class (D.E. 790), Motion for Partial Summary Judgment on the Remedy of Constructive Trust (D.E. 792), and the instant motion.

## II. Headwaters's Motion to Decertify the Class

Headwaters makes two arguments in support of its motion to decertify the class.  First, Headwaters makes a general argument that it is inappropriate to certify a class as to a claim such as fraud that requires individualized proof.  Second, Headwaters contends that the class should be decertified because individual issues now predominate over the remaining common issues.  The Court rejects both arguments.

### a. Whether Fraud Cases May Be Certified Under Rule 23

Headwaters is incorrect that cases involving fraud are not susceptible to prosecution as a class action.  There are numerous cases in which fraud claims have been certified for class-wide treatment, even if fraud claims involving individualized issues present particular challenges.  See William B. Rubenstein, Alba Conte, & Herbert B. Newberg, 7 Newberg on Class Actions § 22:64 (4th ed.) ("The prevailing view

3

is that differences in individual questions of reliance and amount of damages are not grounds for refusing to permit an action to proceed as a class action.") (multiple citations omitted); Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 7AA Federal Practice & Procedure § 1781.1 (3d ed.) (collecting cases).

Headwaters's citation to Basic Inc. v. Levinson, 485 U.S. 224, 242 (1988) is unpersuasive.  The Basic Court observed in dictum that taking individualized proof of reliance as to a class of investors in a New York Stock Exchange-traded security would have "overwhelmed" the common questions in that case.  485 U.S. at 242.  Basic did not purport to bar class certification in fraud cases generally, and has not been so understood.  See, e.g., Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 436-37 & 437 n.12 (holding that as in Basic the individual reliance issues predominated, but noting that reliance does not necessarily predominate in every case).

Similarly, the Sixth Circuit case on which Headwaters relies does not support its position.  Sprague v. General Motors Corp., 133 F.3d 388 (6th Cir. 1998) noted that estoppel claims, which like fraud claims require some individualized proof, are "*typically* inappropriate for class treatment."  133 F.3d at 398 (citing Jensen v. SIPCO, Inc., 38 F.3d 945, 953 (8th Cir. 1994)) (emphasis added).  Sprague expressly allows the possibility that

4

claims involving individualized proof may be appropriate for class treatment in some instances.  See id.

The holding of Sprague is also distinguishable from this matter.  Sprague considered whether the putative class satisfied Rule 23(a)(2)'s requirement that there be at least one common question of law or fact, 133 F.3d at 397-98, which is a separate inquiry than whether under Rule 23(b)(3) the common questions predominate over the individual ones.  Rule 23(a)(2) is not at issue here.  There is no dispute that there is at least one common question in this matter, such as whether Headwaters engaged in a civil conspiracy as to the entire class and whether the Court should impose a constructive trust for the benefit of the entire class.  Sprague does not preclude class certification in this matter.

The other decisions on which Headwaters relies do not persuasively support its position.  The Fifth Circuit's decision in Castano v. American Tobacco Co., 84 F.3d 734, 745 (5th Cir. 1996), holding that "fraud class action[s] cannot be certified when individual reliance will be an issue," is not persuasive. See McLaughlin v. Am. Tobacco Co., 522 F.3d 215, 224-25 (2d Cir. 2008) (citing Fed. R. Civ. P. 23(b)(3) advisory committee's note).  The Fourth Circuit's decision in Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331 (4th Cir.) appears to simply parallel the Sprague court's observation that cases involving individual reliance are typically but not always ill-

5

suited for class treatment.  See 155 F.3d at 341-42; see also Gunnells, 348 F.3d at 437 n.12 (Fourth Circuit discussing Broussard and explaining that "[o]f course, proof of individual reliance need not overwhelm the common issues in every case."). The Tennessee Supreme Court's decision in Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301 (Tenn. 2008) similarly teaches only that fraud cases are often difficult to maintain as class actions.  See 249 S.W.3d at 311-12.

The Court rejects Headwaters's first argument.  Fraud cases generally, and this case in particular, may be maintained as a class action.

### b. Whether Individual Issues Predominate over Common Issues

Headwaters's second argument is that the individual issues overwhelm the common issues, particularly because the first jury decided several of the common issues.  The Court rejects this argument without considering whether it is appropriate to remove issues decided by the first jury from Rule 23(b)(3)'s predominance calculation.  Headwaters itself contends that significant common issues remain to be decided.  Its briefs suggest that it intends to present on a class-wide basis certain equitable defenses and arguments regarding the equity of imposing a constructive trust.  (See Headwaters's Post-Verdict Mem. 22-29; Headwaters's Reply Mem. in Supp. of Mot. for Decertification 21-24.)  These undecided common issues outweigh the remaining individual issues.  The individual questions may

6

collectively consume more trial time than the common questions, but the common questions may be dispositive of whether and to what extent the class is able to recover for the civil conspiracy in which the first jury found Headwaters engaged.

The Court's decision to maintain certification of the class is bolstered by consideration of the administrative difficulties that may arise from decertification.  Mass joinder may be appropriate if the class is decertified.  See Miera v. First Sec. Bank of Utah, 925 F.2d 1237, 1242 (10th Cir. 1991) (holding that the district court did not abuse its discretion in decertifying class because, *inter alia*, the district court allowed the former class members to join as plaintiffs); Rule v. Int'l Assoc. of Bridge, Structural & Ornamental Ironworkers, Local Union No. 396, 568 F.2d 558, 561 (8th Cir. 1977) (noting that the district court allowed class members to join as plaintiffs after decertifying the class, but reversing decertification decision on other grounds).  Mass joinder could place this matter in a position similar to the one it occupies now, but would require an additional expenditure of resources.  Alternatively, decertification could lead to the filing of numerous suits in this or other courts after eight years of litigation here.  This also would be costly, and may also lead to potentially complicated questions regarding the binding nature of the first jury's verdict prior to the entry of judgment in this matter.  Finally, the Court declines to

consider Headwaters's assertion that maintaining class certification for the second phase of trial will render this matter unmanageable because Headwaters has not developed this argument.

### III. Headwaters's Motion for a Trial Sequence Order

Headwaters contends that if the Court does not decertify the class, the Court should prescribe the Parties' respective burdens of proof and establish a trial sequence for the remaining issues to be determined.  The Court DENIES the motion at this time because the trial sequence is largely dependent on the resolution of the numerous issues raised by Headwaters's pending motion for summary judgment and motion for partial summary judgment.  Headwaters and/or Plaintiffs may seek a trial sequence order after the Court rules on those motions.

### IV. Conclusion

For the foregoing reasons, the Court DENIES Headwaters's motion to decertify the class and alternative motion to establish a trial sequence for the remaining issues.

IT IS SO ORDERED this 10th day of June, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE