IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

PHILIP E. BOYNTON et al.,       )
                                )
     Plaintiffs,                )
                                )
vs.                             )   No. 1:02-cv-01111-JPM-egb
                                )
HEADWATERS, INC. et al.,        )
                                )
     Defendants.                )

**ORDER DENYING HEADWATERS'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON PLAINTIFFS' REMEDY OF CONSTRUCTIVE TRUST**

Before the Court is Defendant Headwaters, Inc.'s Motion for Partial Summary Judgment on Plaintiffs' Remedy of Constructive Trust (Docket Entry ("D.E.") 792), filed April 14, 2010. The Plaintiff Class filed a response on May 19, 2010 (D.E. 808)[1], and Headwaters filed a reply on June 1, 2010 (D.E. 822). For the following reasons, Headwaters's motion is DENIED.

**I. Background**

The Court will briefly describe the facts particularly relevant to this motion. In June 2009 the Court conducted the first segment of a bifurcated trial in this matter. The first jury found, *inter alia*, that Headwaters engaged in a civil

---

[1] In its responsive brief, the Class makes several requests for affirmative relief, e.g., asking the Court to enter judgment in the Class's favor on the present record. The Court declines to consider these requests because they were not made in the form of a motion pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.2.

1

conspiracy to defraud the entire Class, which consists of the Named Plaintiffs and the Unnamed Plaintiffs.[2] (Jury Verdict Form (D.E. 750) 4.) On a special verdict form, the jury also recorded their finding that eight of the nine Named Plaintiffs were entitled to compensatory damages in certain amounts, and that the entire Class had suffered damages of $21,425,000.00 as a result of the civil conspiracy. (Id. at 5.) The jury also determined that the Class was not entitled to punitive damages. (Id. at 6.)

The second phase of trial is set for August 30, 2010. The second jury will consider the individual issues as to the Unnamed Plaintiffs and the Court will consider certain equitable issues. (See Order Following Hr'g (D.E. 775) 2.) Among these equitable issues is the Class's claim for the imposition of a constructive trust. Headwaters moves for summary judgment as to this claim.[3]

**II. Whether Headwaters's Summary Judgment Motion Is Timely**

The Court must first address the Class's contention that a motion for summary judgment is procedurally improper at this stage in the litigation. This argument fails. Federal Rule of

---

[2] The jury found that named plaintiff Philip E. Boynton did not have an ownership interest in Adtech prior to its dissolution, and did not award him compensatory damages. (See Jury Verdict Form 2, 5.) Mr. Boynton is excluded herein from the term "Named Plaintiffs" and "Class" to the extent applicable.

[3] Headwaters has also moved by separate motion for summary judgment as to all of the Unnamed Plaintiffs. (See Headwaters's Motion for Summ. J. as to All Unnamed Members of the Plaintiff Class (D.E. 790).) The Court will rule on that motion by separate order.

Civil Procedure 56 permits courts to determine when motions for summary judgment may be filed.  <u>See</u> Fed. R. Civ. P. 56(c)(1).  Upon the parties' joint motion the Court allowed the parties until April 14, 2010 to file dispositive motions.  (<u>See</u> Order Regarding Agreed Mot. to Extend Time in Which to File Dispositive Mots. (D.E. 786) 1.)  The instant motion was timely filed on April 14, 2010.  Headwaters may move for summary judgment.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  So long as the movant has met its initial burden of "demonstrat[ing] the absence of a genuine issue of material fact," <u>Celotex</u>, 477 U.S. at 323, and the nonmoving party is unable to make such a showing, summary judgment is appropriate.  <u>Emmons v. McLaughlin</u>, 874 F.2d 351, 353 (6th Cir. 1989).  In considering a motion for summary judgment, however, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."

Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986).

When confronted with a properly supported motion for summary judgment, the nonmoving party "must – by affidavits or as otherwise provided in [Rule 56] – set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).  However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient."  Street v. J.C. Bradford & Co., Inc., 886 F.2d 1472, 1479 (6th Cir. 1989) (quotation marks and citation omitted).  A genuine issue of material fact exists for trial "if the evidence [presented by the nonmoving party] is such that a reasonable jury could return a verdict for [that party]."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  In essence, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.

**IV. Analysis**

Headwaters moves for summary judgment on the Class's claim for the imposition of a constructive trust.  As to the Named Plaintiffs only, Headwaters contends that the first jury's damages awards are constitutionally binding, and that the Court therefore may not impose a constructive trust on their behalf.

4

As to the entire Class, Headwaters argues that the Named Plaintiffs' damages awards demonstrate that they and the Unnamed Plaintiffs have an adequate legal remedy.  Headwaters contends that this remedy bars the imposition of a constructive trust under Tennessee law.  Headwaters argues in the alternative that, if the damages awards do not bar a constructive trust, the Class is nonetheless improperly seeking a constructive trust directed at the "same damages."  The Court will consider each argument in turn.

### a. Whether the Seventh Amendment Bars the Imposition of a Constructive Trust for the Benefit of the Named Plaintiffs

Under the Seventh Amendment, jury findings on factual issues underlying legal claims are binding.  See Arban v. West Pub. Corp., 345 F.3d 390, 408 (6th Cir. 2003).  The Class does not dispute that the jury's damages awards are binding as to the Named Plaintiffs.[4]  (See generally Pls.' Resp. to Headwaters'[s] Mot. for Partial Summ. J. (D.E. 808).)  Rather, the dispute focuses on the effect of the jury's binding determinations.  The Class seeks the imposition of a constructive trust as an equitable remedy for their civil conspiracy claim against Headwaters.  Headwaters argues that the Seventh Amendment bars the imposition of a constructive trust for the benefit of the

---

[4] The Court's October 5, 2009 Order Following Hearing (D.E. 775) imprecisely described one aspect of the jury's verdict.  The jury was sitting in an advisory capacity when asked to rule on the Class's losses, but not when asked to rule on the Named Plaintiffs' compensatory damages award.  (See June 17, 2009 Trial Tr. (D.E. 845) 1982-87, 2064-66.)

Named Plaintiffs because the first jury awarded them legal relief in the form of compensatory damages on their civil conspiracy claim.

The Court rejects Headwaters's argument for two reasons. First, although the civil conspiracy claim and the constructive trust claim generally arise out of the same events, the scope of relief offered by these claims is not necessarily identical and the resolution of the constructive trust claim may turn on facts that the jury was not asked to find.  The first jury was instructed to award "only such [compensatory] damages as naturally and proximately result[ed] from the wrongful act or acts done in pursuance of the conspiracy and which directly result[ed] from it."  (Jury Instructions (D.E. 744) 45.)  By contrast, "[a] court of equity in decreeing a constructive trust is bound by no unyielding formula.  The equity of the transaction must shape the measure of relief."  Holt v. Holt, 995 S.W.2d 68, 71 (Tenn. 1999) (quoting Beatty v. Guggenheim Exploration Co., 122 N.E. 378, 381 (N.Y. 1919) (Cardozo, J.)); see also Cent. Bus Lines v. Hamilton Nat. Bank, 239 S.W.2d 583, 585 (Tenn. Ct. App. 1951).  Under these differing standards, a court may properly award equitable relief based on judicially-found facts, so long as those determinations are consistent with the jury's findings.  Cf. Kitchen v. Chippewa Valley Schs., 825 F.2d 1004, 1013-14 (6th Cir. 1987) (finding no improper

6

inconsistency where legal claim and equitable claim had different standards).

Second, Headwaters's argument fails even if the equitable constructive trust claim is based only on the jury-found facts.

> [T]he constitutionally required solution in the situations in which a single issue may be either legal or equitable depending upon the remedy awarded is to have a jury present to decide the issue, even though the district court then may have to determine for itself, on the basis of the jury's determination, whether to grant [equitable] relief.

Charles Alan Wright & Arthur R. Miller, 9 Federal Practice & Procedure § 2306; see also Moore v. Sun Oil Co. of Penn., 636 F.2d 154, 157 (6th Cir. 1980) (holding that where the plaintiff sought legal and equitable relief based on the same facts, the court would determine the equitable relief based on the jury's factual findings).

The case on which Headwaters principally relies, Troy v. Bay State Computer Group, 141 F.3d 378 (1st Cir. 1998), does not support its argument. Troy held, on non-Seventh Amendment grounds, that a district court erred when it replaced the jury's back pay calculation with the court's own back pay calculation. 141 F.3d at 383. By contrast, Plaintiffs are pursuing two at least partially distinct remedies, even if there may be shared facts between the two.

7

The Court rejects Headwaters's argument that the Seventh Amendment bars the imposition of a constructive trust for the benefit of the Named Plaintiffs as a general matter.[5]

### b. Whether Equitable Principles Bar the Imposition of a Constructive Trust for the Benefit of the Class

Headwaters also contends, as to the entire Class, that equitable principles bar the imposition of a constructive trust. According to Headwaters, under Tennessee law the Court may not impose a constructive trust when there is an adequate legal remedy, and the Named Plaintiffs' damages awards show that they and the Unnamed Plaintiffs have such a remedy. The parties dispute whether, with regard to constructive trusts in particular, Tennessee law follows the maxim that equitable relief is unavailable where legal remedies are adequate. Neither side has cited to controlling authority on this question, and the parties' briefs indicate that the issue is unsettled among the various jurisdictions and commentators.

The Court finds it unnecessary to resolve the issue at this stage of the litigation. Even assuming that Headwaters correctly states Tennessee law, the Court cannot conclude on the present record that the Class's remedies in damages are

---

[5] The Court expresses no opinion as to whether particular terms of a constructive trust, including terms relating to prejudgment interest, would violate the Seventh Amendment. The factual picture is incomplete in this regard, and the Court declines to rule on such fact-specific issues on the present record.

adequate. The second jury has not rendered a verdict on the Unnamed Plaintiffs' claims. The Named Plaintiffs have been awarded compensatory damages, but as noted above the measure of relief in compensatory damages is different than that available through the constructive trust remedy. Whether the Class's remedies are adequate, assuming this is even the correct standard, will be better resolved when the record is complete.

### c. Whether the Class Is Seeking Two Forms of Identical Relief

Headwaters also advances the following argument: "Headwaters does not argue that a legal remedy precludes constructive trust in all cases. Instead, Headwaters argues that the pursuit of compensatory damages, such as those sought by the [U]nnamed [P]laintiffs here, precludes a constructive trust *directed at the same damages*." (Headwaters's Reply Mem. in Supp. of Mot. for Partial Summ. J. on Pls.' Remedy of Constructive Trust (D.E. 822) 6 (emphasis added).)

The Court rejects this argument because its factual premise is incorrect. The Class is not necessarily seeking, at least not in total, the "same damages" both as compensatory damages and through a constructive trust. As noted above, the measure of relief under the constructive trust doctrine is broader than that allowable as compensatory damages. Through a constructive trust, the Class could in theory recover for injuries that are

9

not compensable as compensatory damages.  The Court rejects Headwaters's argument, but notes that Headwaters may challenge any improper duplication of relief at such time as there is a final record on which the Court may rule.

## V. Conclusion

For the foregoing reasons, Headwaters's motion for partial summary judgment on the Class's claim for a constructive trust is DENIED.

IT IS SO ORDERED this 27th day of July, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE